VIOLA HILL *vs.* BLANCHE JASMIN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 1st, 1932—decided January 10th, 1933.

*James E. Murphy* and *Isadore L. Kotler,* for the appellant (plaintiff).

*David A. Cronin,* with whom was *F. J. Le Roy,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover damages for injuries suffered while she was riding as a guest in an automobile owned by one of the defendants and operated by the other, basing her cause of action upon the negligence of the latter. The jury returned a verdict of $2000 in favor of the plaintiff, the defendants moved to set it aside, and the trial court entered its order that unless the plaintiff remitted $1000 of the amount awarded her it should be set aside. The plaintiff refused to file a remittitur, the verdict was set aside and the plaintiff has appealed. The plaintiff is a young lady twenty-three years of age, unmarried. The accident occurred July 8th, 1931. The jury might reasonably have found that she suffered a cut on the left eyebrow requiring four stitches, one on the nose requiring six stitches, and one on the left jaw requiring two stitches, her knees and one leg were bruised, and she was stiff and sore after the accident; that, when five days after the injury she returned to her employment, her employer extended her vacation for a week; that when she did resume her work she was nervous and after working three or four weeks, at the request of her employer, she stayed away for the same length of time in order to build up her nervous condition; that as late as September or October she could hardly keep up with her work and as a result she visited a nerve specialist; that her nervousness has continued down to the time of the trial in May, 1932; that she has suffered since the accident from sleeplessness and bad dreams, so that she wakes up tired and she dislikes to ride in automobiles; and that the cuts have left permanent scars and her nose is somewhat deformed, so much so that people at times

have commented upon it and that it has caused her embarrassment. The special damages for medical treatment and loss of wages amounted to $126. The trial court in its memorandum upon the motion to set the verdict aside refers to the scar on her nose as not particularly noticeable, but the doctor who attended her spoke of it as a marked deformity, and one witness characterized it as a grave disfigurement; and of course the jury had the same opportunity as the trial court to see it for themselves. Our conclusion is that while the verdict was perhaps generous, it was not so excessive that the trial court was justified in setting it aside on the failure of the plaintiff to file the remittitur directed.

There is error, and the cause is remanded with direction to enter judgment upon the verdict.